IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FEDERMAN MADERA-LOPEZ,** | § | |
| Petitioner | § | |
| | § | |
| V. | § | A-07-CA-1041 SS |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Federman Madera-Lopez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Doc. No. 1) and Petitioner's Motion for *In forma Pauperis* (Clerk's Doc. No. 2), both filed on December 21, 2007. The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. BACKGROUND

On September 28, 2005, Federman Madera-Lopez ("Petitioner") pled guilty (without the benefit of a plea agreement) in the United States District Court for the Middle District of Florida to counts one and two of a two-count superseding indictment charging Petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a), 1903(g), 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with the intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. §§ 1903(a), 1903(g), 18 U.S.C. § 2, and 21 U.S.C.

§ 960(b)(1)(B)(ii). On January 20, 2006, the District Court sentenced Petitioner to a 168-month term of imprisonment on counts one and two (to be served concurrently), a 36-month term of supervised release and a $200 special assessment fee. *See* Judgment in 8:05-CR-332 SCB-MSS-1.

Petitioner filed a direct appeal of his conviction and sentence which were affirmed by the Eleventh Circuit on August 21, 2006. *See United States v. Federman Madera-Lopez*, Slip. Op., No. 06-10769 (11th Cir. July 21, 2006). On February 12, 2007, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel and that he was erroneously sentenced under the Maritime Drug Law Enforcement Act. On May 17, 2007, the District Court denied Petitioner's § 2255 Motion on the merits and denied Petitioner a certificate of appealability. *See* 8:07-CV-277-T-24MSS. On September 11, 2007, the Eleventh Circuit also denied Petitioner a certificate of appealability.

## II.  MOTION FOR IFP

Because the Court finds that Petitioner is indigent, the Court will GRANT Petitioner's Motion for *In forma Pauperis* (Clerk's Doc. No. 2) and hereby ORDERS his writ of habeas corpus to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, because the Court finds that Petitioner's Motion should be dismissed for lack of jurisdiction, the Court will withhold ordering service at this time.

## III.  ANALYSIS

Petitioner has filed the instant motion pursuant to 28 U.S.C. § 2241 arguing that the District Court erred by (1) denying him a certificate of appealability and that he should have been sentenced to 70 to 87 months instead of 168 months; (2) increasing his base offense level for his leadership role in the offense; and (3) failing to decrease his base offense level based on Petitioner's minor role in

the offense. Petitioner has only alleged errors that occurred during or before his sentencing and, therefore, his claims are outside the proper scope of a § 2241 motion and should be dismissed.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.* A motion under 28 U.S.C. § 2255, by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id.* A § 2255 motion must be filed in the court that sentenced the defendant. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

Because Petitioner has not received prior authorization from the Court of Appeals to file a successive § 2255 motion, this Court lacks jurisdiction to construe his motion as one made pursuant to § 2255. *See* 28 U.S.C. §§ 2244, 2255; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[1] Petitioner has only alleged errors that occurred during or before his sentencing and, therefore, his claims are outside the proper scope of a § 2241 motion and should be dismissed.

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. *See also, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (noting that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one").

Petitioner has also failed to demonstrate that his case falls within the so-called "savings clause" provision in 28 U.S.C. § 2255. This provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied,* 122 S.Ct. 476 (2001). In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* The first prong of this test "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

Although not entirely clear from the Petition, it appears that Petitioner contends that § 2255 is not an adequate remedy because both the District Court and the Eleventh Circuit denied his certificate of appealability. However, "[a] prior unsuccessful § 2255 motion, or the inability to meet

4

the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Thus, Petitioner's contention that § 2255 is inadequate because his COA was denied does not make § 2255 inadequate. Petitioner is simply attempting to circumvent the limitations on filing a successive § 2255 motion.

In addition, Petitioner has failed to point to "a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)). Petitioner's arguments that the District Court erred in determining his sentence have no effect on whether the facts in his case would support his conviction for the substantive offenses for which he was convicted. See *Id*. Accordingly, Petitioner has failed to demonstrate that he is entitled to assert his claims under the savings clause of § 2255. Thus, Petitioner's claims are outside the proper scope of a § 2241 motion and must be dismissed. If Petitioner wishes to pursue his § 2255 claims, he must obtain permission from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 petition in the Middle District of Florida.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DISMISS Federman Madera-Lopez's Writ of Habeas Corpus under 28 U.S.C. § 2241. The

Magistrate Court FURTHER RECOMMENDS that the District Court bar Federman Madera-Lopez from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2255 until he has received permission from the Court of Appeals to file such claims in a successive § 2255 motion.  Lastly, the Magistrate Court RECOMMENDS that the District Court include within its judgment a provision expressly and specifically warning Federman Madera-Lopez that filing or pursuing any further claims which must be brought under § 2255 without first receiving permission from the Court of Appeals may result in the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of January, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE